# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LORELEI NASH, § § Plaintiff. § § VS. § § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO. 4:21-cv-01266 |

## MEMORANDUM AND OPINION

Plaintiff Lorelei Nash ("Nash") seeks judicial review of an administrative decision denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Nash and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Administration" or "Commissioner").[1] *See* Dkts. 16 and 18. After reviewing the briefing, the record, and the applicable law, Nash's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**.

## BACKGROUND

Nash filed an application for supplemental security income under Title II of the Act in May 2015, alleging disability beginning on September 16, 2014. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Nash was not disabled. Nash filed an appeal with the Appeals Council, asserting a "challenge under the Appointments Clause of the Constitution to the manner in which the

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

prior [ALJ] was appointed." Dkt. 9-3 at 17. The Appeals Council remanded the case for a *de novo* review, assigning a new ALJ. The new ALJ held another hearing and again found that Nash was not disabled. Nash filed another appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

2

(1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Nash "did not engage in substantial gainful activity during the period from her alleged onset date of September 16, 2014 through her date last insured of December 31, 2017." Dkt. 9-3 at 19.

The ALJ found at Step 2 that Nash suffered from "the following severe impairments: segmental myoclonus, degenerative disc disease of the cervical spine, and obstructive sleep apnea." *Id.* at 20.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Nash's RFC as follows:

[T]he the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) (i.e., lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; sit for six hours out of an eight-hour work day; and stand and walk for six hours out of an eight-hour work day) except she could not climb ladders, ropes, scaffolds, ramps, or stairs. She was limited to frequent balancing, stooping, kneeling, crouching, and crawling. She could not

3

work at jobs requiring the operation of heavy equipment or commercial driving. She could not work at unprotected heights.

*Id.* at 21–22.

At Step 4, the ALJ found that Nash "was capable of performing past relevant work as a record analyst manager. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity" *Id.* at 24. Based on this Step 4 determination, the ALJ concluded that Nash "was not under a disability, as defined in the Social Security Act, at any time from September 16, 2014, the alleged onset date, through December 31, 2017, the date last insured." *Id.* at 25.

## DISCUSSION

This social security appeal raises three issues: (1) whether the ALJ improperly evaluated Nash's obesity under applicable regulations; (2) whether the ALJ improperly considered Nash's mental impairments in formulating her RFC; and (3) whether the decision of the ALJ and determination of the Appeals Council was tainted by constitutional infirmities surrounding the appointment of former-Commissioner Andrew M. Saul, who was still in office during the administrative process in this case. I only reach the first issue—Nash's obesity.

Nash argues that remand is required because the ALJ failed to appropriately consider obesity in accordance with Social Security Ruling ("SSR") 19-2p. *See* Dkt. 17 at 3. In the hearing decision, the ALJ expressly wrote that he "considered [Nash's] obesity pursuant to Social Security Ruling 19-2p." Dkt. 9-3 at 23. Similarly, the Commissioner's response discusses the ALJ's consideration of Nash's obesity in relation to SSR 19-2p. *See* Dkt. 19 at 16–18. Although the ALJ, the Commissioner, and Nash all refer to SSR 19-2p, the appropriate regulation is actually SSR 02-1p.[2]

---

[2] On May 20, 2019, the Social Security Administration published SSR 19-2p, which rescinded and replaced the guidelines for evaluating obesity under SSR 02-1p. Because the Social Security Administration stated that SSR 19-2p applies only to applications filed

4

Social Security Ruling 02-1p recognizes that "[f]or adults, both men and women, the Clinical Guidelines describe . . . a [body mass index ('BMI')] of 30.0 or above as 'obesity.'" SSR 02-1p, 2002 WL 34686281, at *2. It also expressly acknowledges that obesity can cause limitations of exertional or postural functions, such as sitting, standing, walking, lifting, carrying, pushing, pulling, climbing, stooping, crouching, or manipulating, as well as the ability to tolerate extreme heat, humidity, or hazards. *See id.* at *6. In other words, "obesity, though not a listed impairment, can reduce an individual's occupational base for work activity in combination with other ailments." *See McGee v. Astrue*, No. CIV.A. H-10-575, 2011 WL 11048325, at *3 (S.D. Tex. Feb. 25, 2011). Indeed, because obesity can have such a wide range of effects on a claimant, "obesity must be considered at all steps of the sequential evaluation process." *Hernandez v. Astrue*, No. CIV.A. H-10-02793, 2011 WL 11048326, at *6 (S.D. Tex. Aug. 30, 2011) (citing SSR 02-1p, 2002 WL 34686281, at *3).

In his decision regarding Nash's RFC, the ALJ offers a cursory discussion of Nash's obesity:

> The undersigned also considered the claimant's obesity pursuant to Social Security Ruling 19-2p. Her body mass index was 31.1 in September 2017 (Exhibit B11F/7). Her weight was considered in combination with obstructive sleep apnea in limiting her exertional abilities as well as her postural abilities.

Dkt. 9-3 at 23. Aside from these three sentences, the ALJ mentions obesity two other times while ascribing weight to the opinions given by two state agency medical consultants. *See id.* at 24. Notably, the ALJ did not mention or discuss obesity at Step 2 or Step 3, even though Nash's obesity was recognized and more fully discussed in two earlier administrative decisions. *See* Dkt. 9-4 at 7

---

on or after May 20, 2019, SSR 02-1p applies to Nash's claims filed in May 2015. *See Holt v. Saul*, No. 4:19-CV-01894, 2020 WL 2549346, at *3 n.2 (S.D. Tex. May 19, 2020) (declining to retroactively apply SSR 19-2p to claims filed before May 20, 2019).

(recognizing obesity as a severe impairment at Step 2), 48 (recognizing obesity as a non-severe impairment at Step 2). It is unclear why the ALJ failed to discuss Nash's obesity in more detail. But absent some adequate explanation, this amounts to error. *See Perkins v. Berryhill*, No. 4:18-CV-664-A, 2019 WL 2997082, at *2 (N.D. Tex. June 21, 2019) ("A claimant's obesity must be considered at all steps of the sequential evaluation process."); *Willoughby o/b/o Willoughby v. Comm'r of Soc. Sec. Admin.*, No. 4:18-CV-00150-CAN, 2019 WL 1429663, at *6 (E.D. Tex. Mar. 29, 2019) (same).

"Where an ALJ fails to comply with SSR 02–1p, courts generally find that the claimant has been prejudiced unless: (1) the ALJ limits the claimant to sedentary work, or (2) the record is totally devoid of medical evidence establishing any obesity-related limitations." *Walford v. Astrue*, No. 3-09-CV-0629-BD, 2011 WL 2313012, at *5 (N.D. Tex. June 10, 2011) (collecting cases). Neither of those situations exists here. The ALJ limited Nash to light work despite expressly acknowledging that Nash's "restrictions, especially the postural limits, are supported by [her] subjective complaints of fatigue as well as evidence of obesity and her segmental myoclonus." Dkt. 9-3 at 24. Given these facts, remand is required.

## CONCLUSION

For the reasons provided above, Nash's motion for summary judgment (Dkt. 16) is **GRANTED**, and the Commissioner's motion for summary judgment (Dkt. 18) is **DENIED**.

SIGNED this 1st day of June 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE